1  HOYER & HICKS
   Richard A. Hoyer (SBN 151931)
2  rhoyer@hoyerlaw.com
   Ryan L. Hicks (SBN 260284)
3  rhicks@hoyerlaw.com
   4 Embarcadero Center, Suite 1400
4  San Francisco, CA 94111
   *tel* (415) 766-3539
5  *fax* (415) 276-1738

6  WALTER L. HAINES, ESQ. (SBN 71075)
   UNITED EMPLOYEES LAW GROUP, P.C.
7  5500 Bolsa Ave., Suite 201
   Huntington Beach, CA 92649
8  Tel.: (562) 256-1047
   Fax: (562) 256-1006
9  whaines@uelglaw.com

10 Attorneys for Plaintiffs
   AMBER HARTLEY and JANICE TAYLOR

11                UNITED STATES DISTRICT COURT

12                EASTERN DISTRICT OF CALIFORNIA

13

14 AMBER HARTLEY and JANICE TAYLOR          Case No.
   on behalf of all others similarly situated,
15                                          **COLLECTIVE AND CLASS ACTION**
                     Plaintiffs,            **COMPLAINT**
16
              vs.                           **COMPLAINT FOR VIOLATIONS OF:**
17                                              **(1) FAIR LABOR STANDARDS**
   ON MY OWN, INC., ON MY OWN                       **ACT;**
18 COMMUNITY SERVICES, and ON MY               **(2) CALIFORNIA LABOR CODE;**
   OWN INDEPENDENT LIVING SERVICES.               **and**
19                                              **(3) CALIFORNIA BUSINESS AND**
                     Defendants,                    **PROFESSIONS CODE**
20
21                                          **DEMAND FOR A JURY TRIAL**
22 _____

23        Plaintiffs AMBER HARTLEY and JANICE TAYLOR (hereinafter "Plaintiffs"), on behalf

24 of themselves and all others similarly situated, by and through their attorneys, bring this

   COLLECTIVE AND CLASS ACTION COMPLAINT                                    1

lawsuit against Defendants ON MY OWN, INC., ON MY OWN COMMUNITY SERVICES, and ON MY OWN INDEPENDENT LIVING SERVICES (collectively "On My Own" or "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), applicable California Labor Code provisions, applicable Industrial Welfare Commission ("IWC") Wage Orders, and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiffs, on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.     This is a collective and class action complaint against Defendants to challenge their policies and practices of: (1) failing to provide their non-exempt employees, including but not limited to in home service providers it calls direct service trainers ("DSTs") for all hours worked, including overtime compensation; (2) failing to authorize, permit, provide, and/or make available to those employees, including those who work as DSTs, the meal and rest periods to which they are entitled by law and failing to pay premium wages for these missed breaks; (3) failing to pay those employees for required travel between clients; (4) regularly failing to reimburse those employees as promised for mileage incurred on the job; (5) failing to provide those employees with accurate, itemized wage statements; and (6) failing to pay all wages after such employees voluntarily or involuntarily terminated their employment with Defendants.

2.     Plaintiffs and the proposed collective and class are current and former non-exempt employees who worked as in-home service providers (including but not limited to DSTs) for Defendants during the applicable period. Plaintiffs seek to represent the other similarly situated non-exempt employees who worked in similar in-home service positions for Defendants in this collective and class action. As described herein, Plaintiffs allege that

Defendants have engaged in widespread violations of the FLSA and the California Labor Code, and that those violations also give rise to claims under the California Unfair Competition Law ("UCL").

3. Plaintiffs regularly work in excess of eight hours per day and forty hours per week without being provided overtime compensation. Indeed, Defendants have a policy of not paying DSTs all of the overtime compensation that they are owed (despite records which indicate that the employees are working well in excess of eight hours per day or forty hours per week, and indeed sometimes up to thirty-six hours straight, and forty to sixty hours per week). When they do pay some overtime compensation, Defendants improperly pay the overtime at two separate rates, as opposed to an overtime rate based on the regular rate of pay for the pay period.

4. Plaintiffs often work in excess of six hours per day and are routinely denied timely and compliant off-duty meal periods. There is no record of any payment for missed off-duty meal or rest periods, nor is there any method by which Plaintiffs and those similarly situated can even report a missed break.

5. This daily time that Defendants require Plaintiffs to work without compensation deprives them and those similarly situated of substantial amounts of compensation to which they are entitled under California and Federal law. Depending upon how many hours Plaintiffs work in a day and/or week, this unpaid time is owed to Plaintiffs at both straight-time and overtime rates. Upon information and belief, Plaintiffs further allege that the system which Defendants have in place to pay them and other non-exempt employees does not address this wage deficiency.

6. Defendants routinely refuse to authorize, permit, and/or make available to Plaintiffs and those similarly situated timely and compliant thirty-minute meal periods as required by

law. Furthermore, Defendants regularly require Plaintiffs and those similarly situated to work in excess of ten hours per day, but does not authorize, permit, and/or make available to them a second thirty-minute meal period as required by law. Under California law, generally, non-exempt employees are to receive one thirty-minute unpaid meal break at the conclusion of every five hours of labor performed. Defendants' policy violates California law in this respect.

7.     Defendants also routinely refuse to authorize or permit Plaintiffs and those similarly situated to take paid ten-minute rest periods as required by law. Under California law, non-exempt employees are to receive one paid ten-minute rest period for every four hours, or major fraction thereof, worked. Since Defendants pay Plaintiffs and those similarly situated only for the time that they are actually performing services, Defendants' policy violates California law in this respect.

8.     Defendants require Plaintiffs and those similarly situated to travel between clients' houses while on the clock using their own personal vehicles. Yet, Defendants do not pay Plaintiffs and those similarly situated for that travel time, and they do not reimburse those employees for all mileage as required by California law.

9.     Defendants engage in illegal behavior with respect to wage statements as well: Defendants fail to provide such employees with accurate, itemized wage statements.

10.     Defendants have also failed to pay all wages due after these employees have voluntarily or involuntarily terminated their employment with Defendants.

11.     As a result of these violations, Defendants are liable for additional, various other penalties under the Labor Code and for violation of the Unfair Business Practices Act.

12.     Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid overtime and straight-time wages, waiting time penalties, and premium pay. Plaintiffs also seeks declaratory and injunctive relief, including

restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the California Labor Code and California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

13.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

**14.**     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## PARTIES

15.     Plaintiff Amber Hartley is a resident of the State of California. She worked for Defendants as a DST in various locations within the state and this District, including Vacaville, Suisin, Fairfield, and Dixon, during her employment from approximately June 2016 through late November 2016.

16.     Plaintiff Janice Taylor is a resident of the State of California. She worked for Defendants as a DST in various locations within the state and this District, usually in Dixon, during her employment from approximately May 2016 through late October 2016.

17.     Defendant "ON MY OWN, INC." ("OMOI") is the business entity listed on Plaintiffs' wage statements, though the address listed on the wage statements does not match the address of any "ON MY OWN, INC." entity registered with the California Secretary of State (the only two registered entities with that name are located in southern California.) On information and belief, OMOI is a California corporation headquartered at 6369 Sunrise Blvd.,

Suite 215, Citrus Heights, CA.

18.     Defendant ON MY OWN COMMUNITY SERVICES, INC. ("OMOCS") is a California Corporation with its headquarters registered with the state as 6369 Sunrise Blvd., Suite 227, Citrus Heights, CA.

19.     Defendant ON MY OWN INDEPENDENT LIVING SERVICES, INC. ("OMOILS") is a California Corporation with its headquarters registered with the state as 6369 Sunrise Blvd., Suite 215, Citrus Heights, CA.

20.     At all relevant times, Defendants have done business under the laws of California, has had places of business in the State of California, including in this judicial district, and has employed Collective and Putative Class Members in this judicial district. Defendants are "persons" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also an "employer" as that term is used in the California Labor Code, the IWC's Wage Orders, and the FLSA.

21.     Plaintiffs are informed and believe, and on that basis allege that Defendant OMOI controlled the business enterprise of the other Defendants. OMOI controlled the direction, training, supervision, work requirements, working conditions, human resources, and employee benefits of Plaintiffs. Plaintiffs allege that OMOI was their joint employer pursuant to *Castaneda v. Ensign Group, Inc.* (2014) 229 Cal.App.4th 1015.

22.     Plaintiffs are informed and believe, and on that basis allege that Defendant OMOCS controlled the business enterprise of the other Defendants. OMOCS controlled the direction, training, supervision, work requirements, working conditions, human resources, and employee benefits of Plaintiffs. Plaintiffs allege that OMOCS was their joint employer pursuant to *Castaneda v. Ensign Group, Inc.* (2014) 229 Cal.App.4th 1015.

23.      Plaintiffs are informed and believe, and on that basis allege that Defendant OMOILS controlled the business enterprise of the other Defendants. OMOILS controlled the direction, training, supervision, work requirements, working conditions, human resources, and employee benefits of Plaintiffs. Plaintiffs allege that OMOILS was their joint employer pursuant to *Castaneda v. Ensign Group, Inc.* (2014) 229 Cal.App.4th 1015.

24.      Plaintiffs are informed and believe, and on that basis allege that, at all relevant times, each of the Defendants are the agent or employee of each of the remaining Defendants, and, in doing the things alleged herein was acting within the course and scope of such employment, and that Defendants authorized, ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

25.      At all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

26.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## **FACTUAL ALLEGATIONS**

27.      Defendants are in the business of "providing training and support for adults with developmental disabilities, parents, and the elderly in Northern California."

28.     Plaintiffs and the proposed collective and putative class are current and former non-exempt employees, who work and/or worked as in-home service providers which the Defendants call "direct service trainers" ("DSTs") and were compensated at varying hourly rates. As DSTs, Plaintiffs and those similarly situated were and are expected to perform services as instructed by their supervisors at residences throughout California during the applicable statutory period.

29.     Plaintiffs and those similarly situated were generally scheduled to work three to five days per week for twelve to thirty-two hours per shift. They worked out of clients' homes, assisting them and their family members with everyday tasks. These tasks included some housekeeping tasks, preparing meals, assisting them with shopping, supervision while the patients slept, and general supervision and in-home assistance as requested. They regularly worked over eight and nine hours per day and/or forty hours per week without being paid all overtime wages to which they were entitled.

30.     Similar to Plaintiffs, the Collective and Putative Class Members are current and former non-exempt employees and other similarly situated non-exempt employees who work, or have worked, for Defendants as DSTs or other similar positions in California and were paid via multiple hourly rates. Plaintiffs were informed, believe, and thereon allege that Defendants' policies and practices have, at all relevant times, been applicable to Plaintiffs and the Collective and Putative Class Members.

31.     Defendants paid Plaintiffs and those similarly situated only for the time that they were schedule to provide care at a location. Defendants paid Plaintiffs and those similarly situated one hourly rate for the time that Defendants decided a client would be awake, and a much lower rate, for five to eight hours, during each workday that Defendants decided a client should be sleeping. These rates were not based on whether or not a client was actually

sleeping, or whether the employee was sleeping or performing other work duties. Similarly, when Defendants paid overtime, they would improperly pay some overtime hours at one and a half times the non-sleep rate, and some at one and a half times the sleeping hourly rate. At no time did Defendants calculate overtime at the regular rate for a work week, instead they improperly based their calculations on a semi-monthly pay period.

32.     Indeed, Defendants required Plaintiffs and those similarly situated to sign a document which explains that not all of the hours that they work will be counted toward their 40-hour workweek for overtime entitlement purposes.

33.     Plaintiffs and those similarly situated are also required on occasion to work at multiple locations in a single day, and are required to use their own personal vehicles to travel between the worksites. Defendants refuse to pay the DSTs for this travel time, and refuse to reimburse them for mileage when they are required to use their personal vehicles for work-related travel and tasks.

34.     Defendants routinely denied Plaintiffs and those similarly situated timely and compliant off-duty meal periods and routinely refused to authorize or permit them to take compliant rest periods. Plaintiffs and those similarly situated did not sign valid "On-Duty Meal Period Agreements," compliant with the applicable IWC Wage Order. Plaintiffs and similarly situated non-exempt employees work at least six-hour days, yet are routinely denied meal and rest periods because Defendants do not authorize, permit, and/or make available meal and rest breaks to Plaintiffs or those similarly situated. Defendants also know or have reason to know that Plaintiffs and those similarly situated are too busy with work during the day as directed by managers to have time to take bona fide meal and rest breaks.

35.     Defendants were aware of the fact that their non-exempt employees do not get the meal and rest periods, or overtime, to which they are entitled and that they maintain policies

and practices that deprive their non-exempt employees of compensation for time worked, including overtime compensation.

36.     Defendants required Plaintiffs and the Class Members to perform uncompensated work-related tasks such as traveling to and from assigned residences, because travel was not a part of the services for which Defendants are paid. This resulted in Defendants' non-exempt employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendants.

37.     Defendants are aware of the fact that their non-exempt employees do not get timely and compliant meal and rest periods to which they are entitled and that they have, and are, depriving their non-exempt employees of compensation for all time worked. Defendants' unlawful conduct has been widespread, repeated, and willful throughout their business in California.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38.     Plaintiffs bring the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt employees of Defendants who worked over forty hours in a single workweek throughout the United States during the time period three years prior to the filing of this complaint until resolution of this action. (the "Collective")

39.     Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay Plaintiffs for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

40.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

41.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work in excess of forty (40) hours per week which is not recorded and without being paid all of the overtime compensation they are entitled based on their regular rate in violation of the FLSA.

42.     Plaintiffs' claims are representative of the members of the Collective and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

43.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

44.     The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

45.     Plaintiffs contemplate providing a notice or notices to all the employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA

collective members who timely request inclusion in the class.

**CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

46.     Plaintiffs bring the remaining claims (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class is initially defined as:

> All current and former non-exempt employees of Defendants who worked over three and one-half hours in a single day in California during the time period four years prior to the filing of this complaint until resolution of this action. (the "California Class")

47.     **Numerosity**: Defendants have employed potentially hundreds of non-exempt employees in furtherance of their business during the applicable statutory period. The number of Putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

48.     **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiffs that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a.  Whether Defendants fail to properly compensate Putative Class Members for all hours worked, including overtime compensation, in violation of the Labor Code and Wage Orders;

    b.  Whether Defendants fail to compensate Putative Class Members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

    c.  Whether Defendants fail to authorize and permit, make available, and/or provide to Putative Class Members off-duty meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

d.  Whether Defendants fail to authorize and permit, make available, and/or provide to Putative Class Members off-duty meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

e.  Whether Defendants fail to authorize and permit, make available, and/or provide to Putative Class Members off-duty rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

f.  Whether Defendants fail to authorize and permit, make available, and/or provide to Putative Class Members off-duty rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

g.  Whether Defendants have a policy and/or practice of requiring Putative Class Members to perform work off-the-clock and without compensation;

h.  Whether Defendants fail to provide Putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

i.  Whether Defendants fail to pay Putative Class Members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

j.  Whether Defendants fail to reimburse Putative Class Members for necessary business expenses incurred while performing work for Defendants in violation of Labor Code § 2802;

k.  Whether Defendants' failure to pay Putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq.*; and

I. The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Putative Class Members as alleged herein.

49. **Typicality**: Plaintiffs' claims are typical of the claims of the Class. Defendants' common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiffs to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

50. **Adequacy**: Plaintiffs will fairly and adequately represent and protect the interests of the Class because Plaintiffs' interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiffs have retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously. Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class.

51. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to Plaintiffs and the class predominate over any questions affecting only individual members of the Class. The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

52. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying

adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

53.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

54.    Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

55.    Plaintiffs intend to send notice to all Putative Class Members to the extent required under applicable class action procedures. Plaintiffs contemplate providing a notice or notices to the Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the Class that they shall be entitled to "opt out" of the class certified for the non-FLSA claims if they so request by a date specified within the notice, and that any judgment on the non-FLSA claims, whether favorable or not, entered in this case will bind all Putative Class Members except those who affirmatively exclude themselves by timely opting out.

## FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.***
**(By Plaintiffs and the Collective)**

56.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

58.    At all material times herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

59.     Defendants are covered employers required to comply with the FLSA's mandates.

60.     Defendants have violated the FLSA with respect to Plaintiffs and the Collective, by, *inter alia,* failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

61.     Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy implemented by Defendants. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt employees of Defendants, working as DSTs in California.

62.     Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

63.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

64.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiffs and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this

action.

65.     Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
### Failure to Compensate for All Hours Worked
### (By Plaintiffs and the California Class)

66.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

67.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

68.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

69.     Defendants required Plaintiffs and the Class to work off-the-clock without compensation for their work performed. In other words, Plaintiffs and the Class were forced to perform work for the benefit of Defendants without compensation. Plaintiffs and the Class Members' are not compensated for work performed prior to or after their scheduled shifts, regardless of whether they are required to performed such work, including time spent travelling between clients' homes. This resulted and continues to result in these employees performing unpaid, off-the-clock work, which goes unrecorded and unpaid by Defendants.

70.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligation to provide Plaintiffs and the Class with compensation for all time worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly

and willfully and in conscious disregard of the Plaintiffs' and the Class's rights. Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

71.     As a proximate result of these violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

72.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**(By Plaintiffs and the California Class)**

73.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

74.     California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

75.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

76.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard

of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

77.     Defendants' policy and practice of refusing to pay Plaintiffs and the Class all of the overtime compensation to which they are entitled calculated based on their regular rate when they work in excess of eight and nine hours in a day and/or forty hours in a week is unlawful. Plaintiffs and the Class have worked overtime hours for Defendants without being paid all of the overtime premiums to which they are entitled in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

78.     As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

79.     Defendants are liable to Plaintiffs and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and costs as set forth below.

80.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**(By Plaintiffs and the California Class)**

81.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

82.     California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, provide, and/or make available timely and compliant meal and rest periods to their employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without an off-duty meal period of not less than thirty minutes, and from employing an employee more than ten

hours per day without providing the employee with a second off-duty meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of off duty rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those off-duty rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest periods, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

83.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to provide a required off-duty meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided and compliant. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that any required off duty rest period was not authorized and permitted.

84.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize, permit, and/or provide Plaintiffs and the Class to take the timely and compliant off-duty meal and rest periods to which they are entitled. Plaintiffs and the Class are routinely denied rest periods and work through their meal periods. Indeed, Plaintiffs and those similarly situated remain on duty throughout their shifts, even when Defendants' managers have decided that a client should be sleeping (whether or not they are actually asleep).

85.    Defendants have also failed to pay Plaintiffs and the Class one hour of pay for each day that all off-duty meal periods were not timely provided, and each day for which all off-duty rest periods were not authorized and permitted.

86. Defendants' conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

87. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(By Plaintiffs and the California Class)**

88. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

89. Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

90. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

91. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

92. Plaintiffs and some of the Putative Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from uncompensated overtime, time spent working through their meal and rest breaks, and from other uncompensated time spent performing

other work-related activities.

93.     Defendants willfully refused, and continue to refuse, to provide Plaintiffs and the Class with overtime pay, meal and rest period premium pay, and with payment for unrecorded work performed. In particular, as alleged above, Defendants are aware Plaintiffs and the Class regularly work in excess of eight hours per day and/or forty hours per week yet affirmatively refuse to provide overtime compensation; they are aware that Plaintiffs and the Class miss or have interrupted their meal and unpaid rest breaks as a result of Defendants' unlawful policies and practices, but Defendants, nevertheless, refuse to authorize premium pay for missed or interrupted meal and rest periods. Indeed, there is not even any method for reporting non-compliant meal or rest periods or seeking premium pay for same. Likewise, as alleged above, although Defendants knew, and continue to know, full well that Plaintiffs and the Class performed required off-the-clock work before, during, and after their scheduled or paid shifts, Defendants still refuse to pay Plaintiffs and the Class for the off-the-clock work performed.

94.     Accordingly, Defendants willfully refuse and continue to refuse to pay those members of the Class that left their employment with Defendants all the wages that were due and owing them upon the end of their employment. As a result of Defendants' actions, Plaintiffs and the Putative Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

95.     Defendants' willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

96.     In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the former employees

1    are entitled to penalties pursuant to Labor Code § 203, plus interest.

2    97.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

3

**SIXTH CAUSE OF ACTION**
**Violations of Labor Code § 226 – Itemized Wage Statements**
**(By Plaintiffs and the California Class)**

4

5    98.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

6    herein.

7    99.    Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of units earned and any applicable if the employee is paid on a basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable rates in effect during the pay period and the corresponding number of hours worked at each rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

19    100.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

24    Plaintiffs seeks to recover actual damages, costs, and attorneys' fees under this section.

101.   Defendants have failed to provide timely, accurate, itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendants provide their employees, including to Plaintiffs and the Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendants fail to properly calculate and pay overtime, and because there are no premium wages for non-compliant/missed meal and rest periods.

102.   Defendants' failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendants were aware that Plaintiffs and the Class performed work that entitled them to overtime pay at their regular rate, Defendants systematically failed to properly compensate them in Plaintiffs' wage statements.

103.   Plaintiffs and the Class have suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendants' violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime pay, between the Parties. As a result of Defendants' violations, Plaintiffs and the Class are required to undertake the difficult and costly task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

104.   Defendants are liable to Plaintiffs and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.

105.   Wherefore, Plaintiffs and the Class pray for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Violation of California Labor Code § 2802 – Reimbursement of Business Expenses
### (By Plaintiffs and the California Class)

106.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

107.   California Labor Code § 2802 provides as follows:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

108.   Mileage for the use of an employee's personal vehicle to perform work required by an employer must be reimbursed under California Labor Code § 2802.

109.   Defendants' policy and practice of refusing to reimburse Plaintiffs and the Class for all of the mileage that they incur while performing duties under the control of Defendants, including transporting clients, and also travelling between clients' homes, violates § 2802.

110.   As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

111.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200, *et seq.*
### (By Plaintiffs and the California Class)

112.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

113.   California Business and Professions Code §§ 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

114.    California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

115.    Cal. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

116.    Beginning at an exact date unknown to Plaintiffs and the Class, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Cal. Unfair Business Practices Act by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.   violations of Cal. Labor Code § 1194 and IWC Wage Orders pertaining to the payment of wages;

      b.   violations of Cal. Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

      c.   violations of Cal. Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks

      d.   violations of Cal. Labor Code §226 pertaining to wage statements;

      e.   violations of Cal. Labor Code §§ 201-203;

      f.   violations of Cal. Labor Code § 2802.

117.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Cal. Business and Professions Code

§§ 17200, *et seq.*

118. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs' and the Class's wages rightfully earned by them, while enabling the Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

119. Cal. Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

120. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

121. Cal. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Cal. Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

122. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves and others similarly situated. Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

123. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate

a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5 and otherwise.

124. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective, and the Class pray for relief as follows:

1. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code;

2. For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3. For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

4. For a declaratory judgment that Defendants have violated the Fair Labor Standards Act as alleged herein;

5. For an equitable accounting to identify, locate, and restore to all current and former Plaintiffs the wages they are due, with interest thereon;

6. For an order awarding Plaintiffs, the Collective, and the Class liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, expense reimbursement, and all other sums of money owed to Plaintiffs, the Collective, and the Class, together with interest on these amounts, according to proof;

7. For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

1    8.    For an award of reasonable attorneys' fees as provided by the California
2          Labor Code, California Code of Civil Procedure § 1021.5, the Fair Labor
3          Standards Act, and/or other applicable law;
4    9.    For all costs of suit;
5    10.   For interest on any damages and/or penalties awarded, as provided by
6          applicable law; and
7    11.   For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs, the Collective, and/or the Class are entitled to a jury.

Respectfully submitted,

Date: February 17, 2017                    HOYER & HICKS

_____
Richard A. Hoyer
Ryan L. Hicks
*Attorneys for Plaintiffs*
AMBER HARTLEY and JANICE TAYLOR