UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER HARTLEY and JANICE TAYLOR,<br><br>        Plaintiffs,<br><br>    v.<br><br>ON MY OWN, INC.; ON MY OWN COMMUNITY SERVICES; and ON MY OWN INDEPENDENT LIVING SERVICES,<br><br>        Defendants. | No. 2:17-CV-00353-KJM-EFB<br><br>ORDER |

Counsel Richard A. Hicks, and the law firm Hicks & Hoyer, move to withdraw as counsel for plaintiff Janice Taylor under Local Rule 182(d). Mot. Withdraw, ECF No. 24; Hicks Decl., ECF No. 24-1. Defendants have not opposed the motion. For the following reasons, the court GRANTS the motion to withdraw.

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." LR 182(d). The attorney must provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. *Id.* Withdrawal as AN attorney is governed by the Rules of Professional Conduct of the State Bar of California, which permit counsel to withdraw

1

from representation if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). In seeking withdrawal, counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel . . . complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(C)(5). The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

Here, movant seeks to withdraw on the grounds that plaintiff Taylor has not responded to any communications from counsel in over six months. Mot. Withdraw ¶ 1 (explaining last contact was in April, 2017). The latest communication warned Taylor "that further failure to respond would require counsel to file the instant motion." *Id.* Taylor's unresponsiveness, counsel avers, has made continued representation "unreasonably difficult for [counsel] to carry out the employment effectively." *Id.* ¶ 2 (citing Cal. Rule Prof. Conduct 3-700(C)(1)(d)). Counsel also provides Taylor's last known address, as required under Local Rule 182(d). *Id.* at 2 ¶ 4. Lastly, counsel explains withdrawal will not prejudice Taylor, as (1) there are no upcoming hearings or due dates necessitating plaintiff Taylor's action; (2) Taylor's entire case file is available for review and copying should she obtain new counsel or choose to represent herself; and (3) counsel will, at Taylor's request, promptly release all of her papers and property. *Id.* at 4 (citing Cal. R. Prof. Conduct 3-700(D)(1)).

The court finds withdrawal here is appropriate. Withdrawal does not appear to prejudice defendants, and the court is satisfied counsel has taken all necessary steps to avoid reasonably foreseeable prejudice to Taylor. Withdrawal is also unlikely to delay this case.

For these reasons, the court GRANTS the motion to withdraw.

This resolves ECF No. 24.

IT IS SO ORDERED.

DATED: November 3, 2017.

_____
UNITED STATES DISTRICT JUDGE

2