UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER HARTLEY, et al., | No. 2:17-cv-00353-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| ON MY OWN COMMUNITY SERVICES, et al., | |
| Defendants. | |

Defendants' motion to compel arbitration and stay proceedings is before the court. *See* ECF No. 20. Plaintiffs oppose, ECF No. 21, and defendants filed a reply, ECF No. 22. As explained below, the court GRANTS the motion.

I. BACKGROUND

Plaintiffs Amber Hartley and Janice Taylor[1] brought this collective and class action against defendants On My Own Community Services, and On My Own Independent Living Services ("defendants"), claiming violations of the Fair Labor Standards Act, California Labor Code, and California Business and Professions Code. ECF No. 1. Plaintiffs later added claims for penalties under the California Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA"). ECF No. 8.

---

[1] The court previously granted counsel's motion to withdraw as counsel for Taylor, so she now proceeds pro se. ECF No. 27.

1

Defendants contend the parties' employment agreements require plaintiffs to submit their claims to individual arbitration. Mot., ECF No. 20-1; *see* ECF No. 20-2 at 6-10 (employment agreement signed by plaintiff Hartley); ECF No. 20-2 at 12-16 (employment agreement signed by plaintiff Taylor). The employment agreements provide, in relevant part, "there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, except to the extent that state law prohibits requiring arbitration of representative claims in a private attorney general capacity." ECF No. 20-2 ¶ 11.

II. <u>LEGAL STANDARD</u>

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. When there is an enforceable arbitration agreement, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4. This language is mandatory, affording courts no discretion. *Kilgore v. Keybank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The court's role under the FAA is limited "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citation and internal quotation marks omitted). "[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (citation and internal quotation marks omitted).

III. <u>DISCUSSION</u>

Plaintiffs concede they each signed the agreement implicated by this action, and that the agreement covers all claims against defendants except those under the PAGA. *See* Opp'n at 3 ("Plaintiffs signed Defendants' Employment Agreements as required and began employment with Defendants."); *id.* at 2 (agreeing PAGA claims are not covered by the agreement); Mot. at 2 ("Defendants do not seek to compel [arbitration of] Plaintiffs' ninth cause of action brought pursuant to [PAGA] at this time.").

/////

The parties' sole dispute is whether the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP* precludes enforcement of the arbitration agreement. *See* 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017), *and rev'd sub nom. Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), *and vacated*, 894 F.3d 1093 (9th Cir. 2018). *Morris* held that collective action waivers in employer arbitration agreements are unenforceable because they violate the "right of employees to act *together*" established under National Labor Relations Act ("NLRA"). *Id.* at 980 (original emphasis). After the parties filed their briefs, and recently, the Supreme Court conclusively rejected *Morris*'s holding. *See Epic Sys. Corp.*, 138 S. Ct. at 1619 ("Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings" and nothing in the NLRA "offers a conflicting command."). Thus, a concerted action waiver in an arbitration agreement does not render the agreement invalid and unenforceable; the opposing party must raise a valid contract defense to avoid arbitration. *See id.* at 1622-23.

Plaintiffs' opposition focuses exclusively on *Morris*, raising no other contract defenses. At most, plaintiffs implicitly raise a colorable argument that the agreement is procedurally unconscionable in contending they were not given an opportunity to negotiate or opt-out of any agreement terms, were required to sign the agreement as a condition of employment, and were not provided with the applicable arbitration rules. *See* Opp'n at 3-8; *see also Poublon*, 846 F.3d at 1261 (noting under California law, "if an employee must sign a non-negotiable employment agreement as a condition of employment but there is no other indication of oppression or surprise, then the agreement will be enforceable unless the degree of substantive unconscionability is high") (citation, internal quotation marks and footnote omitted). Under California law, the unconscionability defense requires a showing of both procedural and substantive unconscionability; plaintiffs have not shown the latter, even if they have shown the former. *See id.* at 1261 (surveying substantive unconscionability standards under California law). Because *Morris* does not bar enforcement here, and because plaintiffs have raised no viable defense, controlling law requires that the court grant defendant's motion. *See* 9 U.S.C. §§ 3-4; *Kilgore*, 718 F.3d at 1058.

3

The court declines, however, defendants' request to stay plaintiffs' PAGA claim pending arbitration. Defendants contend, without authority, that "any simultaneous proceeding in this court on Plaintiff's PAGA claim will disrupt the arbitration and render it ineffective." *See* Mot. at 3. The court is not persuaded. Accordingly, the case will proceed on plaintiffs' PAGA claims alone.

1. The parties shall proceed to final and binding arbitration under the terms of their agreement on all claims except plaintiffs' PAGA claims;
2. With the exception of plaintiffs' PAGA claims, this action is STAYED pending completion of arbitration;
3. The parties shall file a joint status report within fourteen days with the contents as prescribed by the court's initial scheduling order, proposing dates for litigation of the PAGA claims; and
4. The parties shall NOTIFY the court within fourteen days of the completion of the named plaintiffs' arbitration proceedings.

IT IS SO ORDERED.

DATED: August 1, 2018.

UNITED STATES DISTRICT JUDGE

4