UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER HARTLEY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ON MY OWN INC., et al.,<br><br>Defendants. | Case No. 2:17-cv-00353 KJM-EFB<br><br>ORDER |

Plaintiff Janice Taylor, proceeding pro se, has not responded to this court's order to show cause or otherwise attempted to further litigation in this matter. Accordingly, as explained below, the court DISMISSES her from this matter with prejudice.

I.  PROCEDURAL BACKGROUND

After plaintiffs Amber Hartley and Janice Taylor brought this class action suit, the court granted counsel's motion to withdraw as Taylor's counsel "on the grounds that plaintiff Taylor has not responded to any communications from counsel in over six months." ECF No. 27 (Nov. 6, 2017 order). On August 1, 2018, the clerk of the court served Taylor by mail with the court's order granting defendants' motion to compel arbitration and stay proceedings, ECF No. 29, but the mail was returned as undeliverable. The court's August 20, 2018 minute order setting a status conference was likewise served on Taylor by mail and returned as undeliverable. *See* ECF No. 32. On September 7, 2018, the court contacted Taylor by telephone, obtained her new

mailing address and ordered her to formally file a notice of change of address with the clerk of the court. ECF No. 33. Taylor has never updated her address with the court. On September 27, 2018, the court held a status conference, which Taylor did not attend. ECF No. 36. On October 11, 2018, the court ordered Taylor to show cause within fourteen (14) days why her case should not be dismissed for failure to prosecute. ECF No. 39. Taylor did not respond and has since taken no action in this case.

II.     LEGAL STANDARD

A federal court may sua sponte dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629−31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see, e.g., Wiggins v. Daymar Colleges Grp., LLC*, 317 F.R.D. 42, 45 (W.D. Ky. Apr. 5, 2016) (granting motion to dismiss certain plaintiffs for failure to prosecute while still allowing the action to proceed with remaining plaintiffs).

Before dismissing an action for failure to prosecute, the court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the parties]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260−61 (9th Cir. 1992), *as amended* (May 22, 1992)). This test is not "mechanical" but "amounts to a way for a district judge to think about what to do . . . ." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (discussing Rule 37 sanction applying same test). "Before the court dismisses an action with prejudice for failure to prosecute, it must also warn the plaintiff that he or she is risking dismissal." *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (internal citations omitted).

/////

/////

III. DISCUSSION

A. Public's Interest in Expeditious Resolution of Litigation

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, although Taylor has taken no action in this case since her counsel withdrew, the parties and the court must attempt to proceed without her participation while she remains a named plaintiff. Her refusal to litigate this case delays its resolution, and this factor favors dismissal. *See Yourish*, 191 F.3d at 990.

B. Court's Need to Manage Its Docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Where dilatory conduct impedes the resolution of a case and prevents the court from adhering to its schedule, dismissal is warranted. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Taylor has long been absent from this case, failed to respond to the court's order to show cause why she should not be dismissed for non-prosecution, and is impeding proceedings toward resolution. Put differently, in attempting to manage its docket, the court has exhausted its limited resources to prompt Taylor to take action in this case to no avail. Moreover, "[t]his factor is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay" and it also favors dismissal here. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

C. Risk of Prejudice to the Defendant

"In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here, Taylor has ignored an order requiring her to show cause why her claim should not be dismissed with prejudice, has not filed her change of address as ordered by this court and has not made herself available to participate in the discovery process, impairing the ability of the case to proceed. *See id.*

3

1 "[P]rejudice may be presumed from unreasonable delay" and while a plaintiff may rebut that
2 presumption by providing "a non-frivolous excuse for the delay," Taylor has not done so here.
3 *See Moussa v. Ventura Cty.*, No. CV 18-9278-R (KS), 2018 WL 6984847, at *2 (C.D. Cal.
4 Dec. 10, 2018), *report and recommendation adopted*, No. CV 18-9278-R (KS), 2019 WL 142421
5 (C.D. Cal. Jan. 8, 2019) (citations omitted); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967
6 (9th Cir. 1978)). This factor favors dismissal.

       D.     <u>Availability of Less Drastic Alternatives</u>

The court must consider the adequacy of less drastic sanctions prior to dismissal. *Malone*, 833 F.2d at 131. Here, as noted above, Taylor has long refused to participate in this case, even after the court has given her time to update her information and warned her that it was considering dismissing her for failure to prosecute. The court has no reason to believe further efforts to prompt Taylor to take action would be successful. This factor favors dismissal.

       E.     <u>Public Policy Favoring Disposition on the Merits</u>

"[P]ublic policy strongly favors disposition of actions on the merits . . . ." *See Yourish*, 191 F.3d at 990 (quoting district court). Even so, Taylor as a plaintiff is responsible for "mov[ing] the case toward disposition on the merits at a reasonable pace and [] refrain[ing] from dilatory and evasive tactics." *See Moussa*, 2018 WL 6984847, at *2 (citation omitted). While this factor generally weighs against dismissal, Taylor has provided the court with no basis for finding "retention of this action would increase the likelihood that the matter would be resolved in its merits" as to Taylor's claims. *Id*.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court DISMISSES plaintiff Janice Taylor from this matter with prejudice.

IT IS SO ORDERED.

DATED: June 20, 2019.

                                                       UNITED STATES DISTRICT JUDGE